# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VICKIE REYNOLDS** | : | **DOCKET NO. 06-1296** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record, and is therefore inconsistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On May 6, 2003, Vickie Reynolds filed protectively for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 55-59). She alleged an inability to work since January 20, 2003, due to exposure to sulphur dioxide (possibly others), pinched nerve, degenerative disc disease, panic attacks and asthma. (Tr. 63-64). Her claims were denied at the initial level of the administrative process. (Tr. 33-36). Thereafter, plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"), which was held on July 21,

2005. (Tr. 18). Reynolds testified at the hearing, as did Jeffrey Peterson, a vocational expert ("VE"). Nevertheless, in an August 12, 2005, written decision, the ALJ determined that Reynolds was not disabled under the Act, finding at Step Four of the sequential evaluation process that she retained the residual functional capacity to perform past relevant work as a secretary/office clerk, as a telemarketer, and as a clerical worker. (Tr. 24-25). Reynolds appealed the adverse decision to the Appeals Council. However, on June 7, 2006, the Appeals Council denied Reynolds's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 6-8).

On November 1, 2006, Reynolds filed the instant suit seeking review of the unfavorable administrative decision.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any

substantial gainful activity for at least twelve consecutive months.  42 U.S.C. §§ 423(d)(1)(A) & 1381(a).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988).  The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process:  (1)  Is the claimant currently working and engaged in substantial gainful activity?  (2)  Can the impairment or combination of impairments be classified as severe?  (3)  Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations?  (If so, disability is automatic.)  (4) Does the claimant's residual functional capacity permit him to perform past relevant work?  and if not, (5)  Can the claimant perform other work?  20 C.F.R. §§ 404.1520, 416.920.  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  The first four steps place the burden upon the claimant.  At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work.  If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested.  *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994);  *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

In the instant case, the plaintiff claims three errors by the ALJ: 1) an error in finding that Reynolds is not disabled, because she meets or equals listed impairments; 2) an error in finding that she retains the RFC to perform work as a secretary/office clerk, a telemarketer, and a clerical

worker; and 3) an error in disregarding the medical opinion of Reynolds' treating psychiatrist, and substituting her own judgement for his.

Residual Functional Capacity

A finding that a claimant is not disabled is dependent on the validity of the ALJ's determination of his residual functional capacity. Here the ALJ's determination of the plaintiff's RFC is not supported by substantial evidence in the record.

Reynolds argues that the ALJ's determination that her mental impairments do not meet or equal listed impairments is erroneous, as it is based on the opinions of a consulting examining psychologist and an agency non-examining psychologist, rather than on the opinions and medical evidence provided by her treating specialist physician, as required.

"[A]n ALJ must give a treating physician's opinion 'controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence."' *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (quoting 20 C.F.R. § 404.1527(d)(2)). A specialist's opinion is accorded greater weight than a generalist's. *See Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994), overruled on other grounds by *Sims v. Apfel*, 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). A treating physician's opinion may be given little or no weight when the evidence supports a contrary conclusion. *Newton v. Apfel*, 209 F.3d. 448, 455 (5th Cir. 2000). The ALJ must "always give good reasons . . . for the weight [it affords the opinion]," and must show good cause when giving that opinion little or no weight. 20 C.F.R. § 404.1527(d)(2)[1]; *Newton*, 209 F.3d at 455.

---

[1] The ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(1)-(6); *Newton v. Apfel*, 209 F.3d. 448, 455 (5th Cir. 2000).

Furthermore, Social Security Ruling (SSR) 96-2p provides: [A] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527.  *Beasley v. Barnhart*, 191 Fed. Appx. 331, 335 (5th Cir. 2006).

The ALJ reviewed Dr. Bruce Wiley's Medical Source Statement of Ability to Do Work Activities (Mental), which stated that Reynolds had marked limitations in understanding, remembering and carrying out detailed instructions, in making judgments on simple work related decisions, in interacting appropriately with supervisors and co-workers, and in responding appropriately to work pressures in a usual work setting and to changes in a routine work setting. She further notes that he considered Reynolds had a moderate limitation in her ability to interact appropriately with the public.  (Tr.  20, 169-170).  The ALJ then determined that Dr. Wiley's opinion deserved very little weight, as she found it was "not consistent with [his] treating notes," and was "not consistent with the objective clinical findings from mental status examinations" made during Dr. Wiley's treatments in 2004 and 2005.  (Tr. 20).

The facts of this case are materially indistinguishable from this district court's rulings in *Trahan v. Barnhart*[2] and *Vincent v. Social Security Administration*.[3]  Here as in *Trahan* and

---

[2]  No. 2:02-cv-1136 PACER/CM/ECF (W.D. La., L.C. Div., May 22, 2003), U.S. District Court, Western District of Louisiana, Official Court Electronic Document Filing System, at www.lawd.uscourts.gov.

[3] No. 2:05-cv-1297 PACER/CM/ECF (W.D. La., L.C Div., June 12, 2006), U.S. District Court, Western District of Louisiana, Official Court Electronic Document Filing System, at www.lawd.uscourts.gov.

*Vincent*, the ALJ failed to expressly discuss each of the § 404.1527(d)(2) factors that the court held is mandated before declining to give any weight to the opinion of a treating physician. *Id.*[4] Although the ALJ states several reasons for giving Dr. Wiley's opinion little weight, she fails to perform the review of his findings through the enumerated steps of 404.1527(d)(1)-(6) as required.

In testimony given during the hearing before the ALJ, Jeffrey Petersen, the VE, indicated that with the additional non-exertional limitations stated in Dr. Wiley's Medical Source Statement of Ability to Do Work Activities (Mental), Reynolds would be unable to perform "any of the secretarial or clerical jobs [he had previously stated she could perform] . . . because of [her] inability to understand and remember detailed instructions, carry out detailed instructions, and [her inability] to make judgments on simple work-related decisions." (Tr. 564). If Dr. Wiley's opinion were to be given more weight, the resulting RFC would have a material effect on the ultimate determination of disability in Reynolds case. Absent the ALJ's review of Dr. Wiley's opinion following the enumerated factors required by C.F.R. § 404.1527(d)(2), we cannot conclude that the ALJ's determination of Reynolds' RFC is correct.

In sum, because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that the plaintiff is not disabled is likewise not supported by substantial evidence, and is therefore inconsistent with relevant legal standards.

Accordingly,

---

[4] We recognize that an ALJ is not required to apply the six § 404.1527(d) factors to a physician's opinion that a claimant is "disabled" or "unable to work" because these are not *medical opinions* as contemplated under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F. 3d 618 (5th Cir. 2003). Here, however, Dr. Wiley provided specific limitations in an RFC assessment, and a psychiatric nurse provided .

IT IS RECOMMENDED that the plaintiff's objections be GRANTED, and that this case be remanded for further findings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of September, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE