RECEIVED
IN LAKE CHARLES, LA
APR 10 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **VICKI REYNOLDS** | : | **DOCKET NO. 2:06-cv-1296** |
| **VS.** | : | **JUDGE MINALDI** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). [Doc. 12]. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

By judgment dated November 20, 2007, this matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). [Doc 11]. Thus, Plaintiff qualifies as a prevailing party. Plaintiff's attorney seeks fees of $ 5,625 to compensate her for "approximately 22.5 hours" of work at a rate of at $ 250/hour.

Defendant filed an opposition to plaintiff's motion on the grounds that plaintiff has failed to file an itemized statement of time. Defendant further contends that the requested hourly rate is excessive and argues that $125.00 per hour is the customary hourly rate for attorney's fees in the Western District of Louisiana. Defendant contends that Plaintiff has not carried her burden to substantiate an increase in the cost of living or other special considerations that would warrant a higher rate.

The hourly rate for EAJA fees is set forth in 28 U.S.C. § 2412(d)(2)(A), which states that reasonable attorneys fees:

> shall be based upon prevailing market rates for the kind and quality of the services furnished ....,except that ... attorneys fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Thus, the statute establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. *See Clevenger v. Chater*, 977 F.Supp. 776, 780-81 (M.D.La.1997). The first step is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). The second step, which is needed only if the market rate is greater than $125.00 per hour, is to determine whether the court should adjust the hourly fee upward from $125.00 to take into account an increase in the cost of living, or a special factor. *Clevenger*, 977 F.Supp. at 781.

The applicant bears the burden of producing satisfactory evidence that the requested rates are consistent with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the affidavit should describe rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 n.15 (1983).

In support of the reasonableness of the $250/hour rate, Plaintiff's counsel argues that her

"regular hourly rate is $250" and that when counsel prevails in a contingent fee case, she "expect[s] to receive more than [counsel's] regular hourly rate in order to compensate... for the risk of non-recovery." [Doc. 12, Affidavit, ¶ 3]. As far as the record reveals, this is the only evidence counsel offers in support of the request for the $250/hour rate. These bare assertions are inadequate to carry Plaintiff's burden. The undersigned finds that $125/hour is the prevailing market rate in the Western District of Louisiana. *See LeBlanc v. Commissioner*, No. 6:02-cv-01576 (W.D. La. June 10, 2004) (Methvin, M.J.) (Lafayette Division ruling collecting cases and finding that "$125 per hour is the going rate in this district for social security fee awards" and "is also the rate awarded in the Eastern District of Louisiana"); *Margaret Hays-Barmann v. Barnhart*, No. 04-827, at 1 (W.D. La. Jan. 31, 2006) (recommending an EAJA judgment at the hourly rate of $125.00 per hour for a total of $4,968.75) (Shreveport Division).

As noted, the second step in determining a reasonable hourly rate under EAJA is necessary only when the market rate is greater than $125.00 per hour. Because Plaintiff has not sustained her burden to demonstrate a higher market rate, the second step analysis is not applicable here.

Next, the court must determine whether "approximately 22.5 hours" of counsel's time were reasonably expended on the litigation. It is well established that the fee applicant bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley v. Eckerhart*, 461 U.S. at 437. Applying the *Hensley* rationale, the Fifth Circuit has observed that "the burden of proof of reasonableness of the number of hours is on the fee applicant and not on the opposing party to prove their unreasonableness." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987).

3

In the instant case, counsel has failed to provide sufficient documentation of the time expended on Plaintiff's behalf. The entirety of counsel's accounting states:

> My time working on this case in federal court is approximately 22.5 hours, which includes the following: July of 2006, meeting with client regarding filing the lawsuit, preparation of the complaint, verification and order; August of 2006, preparng and sending correspondence, reporting to client and review of Order; October of 2006, preparation and mailing of affidavits and review of Scheduling Order; November of 2006, review of Answer and Administrative Trascript; January of 2007, Preparation and filing of Statement of Case; May of 2007, Review of Defendant's Memorandum in Support of Defendant's Response to Plaintiffs Brief in Opposition to Commissioners Decision; July of 2007, telephone calls to client and cour regarding the status of claim; September of 2007, telephone calls regarding status of claim; November of 2007, review of Judgment; December of 2007, preparation of Motion for Award of fees, Affidavit and Memorandum in Support.

[Doc. 12, Affidavit, ¶ 4]. Counsel adds that all the time spent on the case was "was necessary in order to provide quality representation" to Plaintiff. [Doc. 12, Affidavit, ¶ 5]. Such is the extent of counsel's evidentiary support for the requested fees.

Adequate documentation is a necessary predicate to a claim for attorney fees under the EAJA. *Hexamer v. Foreness*, 997 F.2d 93 (5th Cir. 1993). Plaintiff bears the burden of documenting the appropriate hours expended. *Hensley v. Eckerhart*, 461 U.S. at 437. The lack of an adequately detailed records hampers the ability of this court to make an informed decision regarding the reasonableness of the hours claimed. Were it not for Defendant's concession that 22.5 hours "is more than adequate to compensate [Plaintiff's counsel] for the services she rendered," [Doc. 16, p. 5] the court would reduce Plaintiff's request to a figure commensurate with the meager evidence in the record. *See Hensley*, 461 U.S. at 433 (instructing "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly").

Accordingly, it is recommended that Plaintiff be awarded attorney's fees computed at the

rate of $125/ hour time 22.5 hours of work, for a total in the amount of $2812.50.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of April, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE